UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81087-CIV-DAMIAN

**BRANDON WATERMAN**,

    Plaintiff,
v.

**FREDERICK J. MERKLE JR.**, *et al.*,

    Defendants.
_____/

### ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 28] AND GRANTING MOTION TO DISMISS [ECF NO. 21]

**THIS CAUSE** is before the Court on the Report and Recommendation on Defendant's Motion to Dismiss, of Chief United States Magistrate Judge William Matthewman, entered on February 20, 2025. [ECF No. 25 (the "Report and Recommendation")]. Chief Judge Matthewman recommends that the Court grant Defendants' Motion to Dismiss (ECF No. 21) without prejudice as to Plaintiff's claims for declaratory and injunctive relief and stay Plaintiff's claims for damages.

THE COURT has considered the Report and Recommendation, Plaintiff's Objections [ECF No. 29 (the "Objections")] and Defendants' Response thereto [ECF No. 32], the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

## APPLICABLE LEGAL STANDARD FOR REVIEW
## OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks and other citation omitted)); *see also Russell v. United States*, No. 11-20557-Civ, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the Magistrate Judge's report to which the petitioner objected). Since the Plaintiff filed timely objections, this Court has reviewed the record *de novo*.

## ANALYSIS OF PLAINTIFF'S OBJECTIONS

After careful, *de novo* consideration of the record, including Chief Judge Matthewman's Report and Recommendation, this Court overrules Plaintiff's objections and adopts the Report and Recommendation. The undersigned agrees with Chief Judge Matthewman's well-reasoned findings, astute analyses, and overall conclusions.

As Chief Judge Matthewman explains, "In *Younger*, the [United States] Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37, 38 (1971)). This abstention doctrine

applies when (1) the challenged proceedings are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise those constitutional concerns. *See Adams v. State of Fla.*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). "[U]nless state law clearly bars the interposition of the specific constitutional claims[,]" federal courts should abstain whenever "vital state interests are involved[.]" *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)); *see also Hawaii Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1325 (1983) (stating the same principle and adding that an extraordinary circumstance may also qualify as a basis not to apply the *Younger* abstention doctrine).

Based on a *de novo* review of the record here, this Court agrees with the Chief Magistrate Judge that there is nothing "extraordinary" about the circumstances of this case that would warrant federal action in the pending state court proceeding. This Court should not enjoin the actions of the state court in accordance with *Younger* because (1) Plaintiff's state court proceeding is currently pending; (2) important state interests are implicated with respect to Plaintiff's prosecution, *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987) (federal courts should not interfere with state's interest in enforcing its criminal laws); and (3) Plaintiff can raise any constitutional challenges in his state proceedings, *see Turner*, 542 F. App'x at 766–67; *see also Watson v. Fla. Jud. Quals. Comm'n*, 618 F. App'x 487, 491, (11th Cir. 2015) (finding "[f]ederal courts should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary") (internal quotations omitted). Thus, the Magistrate Judge correctly recommended that Plaintiff's

claims for declaratory and injunctive relief as to his pending state criminal case should be dismissed because all three factors weigh in favor of *Younger* abstention and Plaintiff has not demonstrated "extraordinary circumstances" as would be necessary to make an exception to the *Younger* rule. *See Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1264 (11th Cir. 1997).

Plaintiff fails to demonstrate that the Magistrate Judge overlooked any relevant information, as Plaintiff suggests in his Objections. A full, *de novo* review of the record, including the State Court docket, of which this Court takes judicial notice, assures this Court that the Chief Magistrate Judge's analysis and reasoning was correct and that Plaintiff has not shown that there was any error in the Report and Recommendation.

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

(1) The Magistrate Judge's Report and Recommendation **[ECF No. 28]** is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review;

(2) Defendant's Motion to Dismiss **[ECF No. 21]** is **GRANTED** as to Plaintiff's claims for declaratory and injunctive relief;

(3) Plaintiff's claims for damages are **STAYED** until his pending state criminal prosecutions are resolved;

(4) The parties shall advise this Court **within 10 days** after the pending state criminal prosecutions are resolved.

and

(5) Plaintiff's pending Motions for Immediate Review **[ECF No. 30]** and for Expedited Relief **[ECF No. 31]** are **DENIED AS MOOT.**

The Clerk is directed to CLOSE this case for statistical and administrative purposes pending notification from the parties that the pending state court proceedings have been resolved.

**DONE AND ORDERED** in the Southern District of Florida this 29th day of July, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**


cc:   Brandon Waterman, *Pro se*
      11818 41st Ct. N
      West Palm Beach, FL 33411
      *PRO SE*