**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-81087-CIV-DAMIAN/Matthewman**

**BRANDON WATERMAN**,

Plaintiff,

v.

**FREDERICK J. MERKLE JR.**, *et al.*,

Defendants.
_______________________________/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [ECF NO. 41] ON PLAINTIFF'S MOTION TO REOPEN CASE [ECF NO. 39]**

**THIS CAUSE** is before the Court on the Report and Recommendation entered on May 27, 2026, by United States Magistrate Judge William Matthewman recommending that Plaintiff, Brandon Waterman's, Motion to Reopen Case [ECF No. 39] be denied. [ECF No. 41 (the "Report")].

Pursuant to 28 U.S.C. § 636 (b)(1)(A) and (B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, this matter was referred to Magistrate Judge William Matthewman for a Report and Recommendation. [ECF No. 9]. After considering the Motion, the Defendants' Response, and the record, the Magistrate Judge issued the Report. Waterman timely filed objections. [ECF No. 42].

THE COURT has conducted a *de novo* review of Magistrate Judge Matthewman's Report, the objections thereto, Plaintiff's Motion, the pertinent portions of the record, and applicable law, and is otherwise fully advised. For the following reasons, this Court agrees with the analysis and conclusions in the Report, but will permit Plaintiff one last opportunity to amend his pleading.

## I. BACKGROUND

Plaintiff initiated this lawsuit on September 6, 2024, by filing a Complaint against two Palm Beach County Sheriff's officers asserting violations of his civil rights based on the officers' alleged warrantless entry into Plaintiff's home and pursuit of criminal charges against Plaintiff based on false and misleading information. [ECF No. 1]. Plaintiff sought damages, declaratory and injunctive relief, dismissal of the criminal charges, and emergency restoration of his parental rights. *Id*. Plaintiff also sought leave to proceed *in forma pauperis* [ECF No. 3], which this Court granted [ECF No. 6].

On December 12, 2024, Plaintiff filed an Amended Complaint, also asserting civil rights claims against the same Defendants and adding accusations of continued alleged conduct by the Defendant. [ECF No. 17]. The Amended Complaint, construed liberally, appeared to assert claims for violations of his constitutional rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments and sought declaratory and injunctive relief, including a request for supervisory orders, return of property, and expungement, as well as claims for compensatory and punitive damages and attorneys' fees and costs. *Id*. On December 26, 2024, the Defendants filed a Motion to Dismiss the Amended Complaint. [ECF No. 21].

After the Motion to Dismiss was fully briefed, the Magistrate Judge issued a report and recommendation on February 20, 2025, recommending that Plaintiff's Amended Complaint be dismissed without prejudice in part and that this case be stayed in part. [ECF No. 28]. Essentially, the Magistrate Judge found that because Plaintiff's state criminal proceedings were pending, the Court should not interfere with those pending charges pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Id*. The Magistrate Judge thus recommended that Plaintiff's claims for injunctive relief should be dismissed without prejudice and that his

damages claims be stayed. *Id*. This Court affirmed and adopted the February 20, 2025 report and recommendation and ordered that the parties advise the Court within ten (10) days after Plaintiff's pending state criminal prosecutions were resolved. [ECF No. 33].

On February 16, 2026, Defendants informed this Court regarding the outcomes of Plaintiff's state criminal prosecutions [ECF No. 37], following which Plaintiff filed a Second Amended Complaint on March 10, 2026 [ECF No. 38]. Then, on April 16, 2026, Plaintiff filed the Motion now before this Court seeking to reopen his federal case, lift the stay, and proceed with his Second Amended Complaint. [ECF No. 39]. Defendants filed a Response to the Motion [ECF No. 40]. Plaintiff did not file a Reply.

Magistrate Judge Matthewman filed the Report on May 27, 2026. [ECF No. 41]. In the Report, Judge Matthewman engages in a thorough analysis of the Motion and the record and concludes that Plaintiff's Motion should be denied.

## II. APPLICABLE LEGAL PRINCIPLES

### *A. Standard of Review of Magistrate Judge's Report and Recommendation.*

When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks and other citation omitted)); *see also Russell v. United States*, No. 11-20557-Civ, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the Magistrate Judge's report to which the petitioner

objected). Because Plaintiff filed timely objections, this Court has reviewed the challenged portions of the Report *de novo*.

## III. ANALYSIS

The Magistrate Judge determined that the Motion should be denied for several reasons.

First, the Magistrate Judge points out that the Motion does not contain a certificate of conferral as required under Southern District of Florida Local Rule 7.1(a)(3), which is itself grounds for denial of the Motion. Report at 2. Second, the Magistrate Judge also points out that the Motion is unsigned, in violation of Federal Rule of Civil Procedure 11(a), which is also a basis for denial of the Motion. *Id*. The Magistrate Judge next observes that Plaintiff filed the Motion more than a month after the Court's deadline to do so without showing good cause for the delay. *Id*. And the Magistrate Judge explains that Plaintiff's Amended Complaints are shotgun pleadings, despite Plaintiff having been warned numerous times, in this and other cases, that his complaints are shotgun pleadings and must be dismissed for that reason. *Id*. at 3-4. In light of all of these issues, the Magistrate Judge recommends that the Motion be denied and that Plaintiff's Second Amended Complaint be stricken. *Id*. at 4.

Plaintiff filed timely objections to the Report and asserts the following objections. First, Plaintiff objects on grounds the Court's July 29, 2025 Order did not dismiss damages claims but instead stayed those claims until the state criminal case was resolved. Second, Plaintiff objects on grounds the stay preserved his claims and did not dismiss them. Third, Plaintiff objects that the Second Amended Complaint should not be stricken but should be permitted to proceed with leave to amend. Fourth, Plaintiff objects on grounds the amended pleading clarifies matters since the criminal proceedings concluded. Fifth, Plaintiff objects on grounds

there are serious constitutional implications evident in the record. And, sixth, Plaintiff objects that dismissal is unnecessary.

This Court has carefully reviewed the Motion, the Second Amended Complaint, the Report, Plaintiff's Objections, the record, and relevant authority.

The undersigned agrees with Plaintiff that the damages claims were not previously dismissed but were, instead, stayed. That is of no moment, however. The Magistrate Judge explained numerous reasons why the case should not be reopened and why the Second Amended Complaint should be dismissed. Thus, the Magistrate Judge did not ignore the fact that the damages claims could now be reviewed, and he reviewed them and determined that the Second Amended Complaint violates numerous federal and local rules as well as this Court's prior orders and that it is a shotgun pleading.

Upon careful review of the Motion and the Second Amended Complaint, as well as the record in this case and in numerous other cases that have been filed by Plaintiff and dismissed in this District (*see* Report at 3), this Court agrees that the Second Amended Complaint is a shotgun pleading and that the pleading was filed in contravention of the Federal and Local Rules and this Court's prior orders for the reasons laid out in the Report. *See* Report at 3-4.

This Court also points out that Plaintiff has filed at least eleven lawsuits in this District, many of which arise out of the same facts and related conduct that are the bases for his claims in this case. *See* 24-cv-14106-CANNON; 24-cv-80441-CANNON; 24-cv-80443-RUIZ; 24-cv-80708-MIDDLEBROOKS; 24-cv-81087-DAMIAN; 25-cv-80076-ROSENBERG; 25-cv-80086-DAMIAN; 25-cv-80087-RUIZ; 25-cv-80088-MIDDLEBROOKS; 25-cv-80698-MIDDLEBROOKS; 25-cv-80708-MATTHEWMAN. In all of those cases, his pleadings were stricken or dismissed, and he was warned about the repercussions of violating federal

and local rules and about the need to comply with Rules 8 and 10 and not file shotgun pleadings. The undersigned understands that Plaintiff is frustrated with the actions of law enforcement, state authorities, and the courts that apparently led to his arrest and the removal of his parental rights. However, it does appear that he has been given process in the state courts – albeit process with which he is not satisfied. At this point, Plaintiff's *pro se* filings in this Court in which he complains about the processes in the state courts and agencies are approaching the point of abusive.

Plaintiff is therefore warned that a district court has the inherent authority "to protect itself against abuses by *pro se* litigants." *See Thomas v. Christina*, No. 22-CV-20498, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986)); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002)). "Indeed, [t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* "The right of access to the courts 'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)). "A vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." *Riccard*, 307 F.3d at 1298 (citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)).

A court may fashion a limited injunction against a vexatious litigant, but in doing so, it may not "completely foreclose a litigant from any access to the courts." *Id.* (collecting cases). However, "[t]he traditional standards applicable to issuance of an injunction do not apply to the issuance of an injunction against a vexatious litigant." *Lustig v. Stone*, No. 15-CV-20150, 2020 WL 3469719, at *10 (S.D. Fla. June 25, 2020) (citing *Klay v. United HealthGroup, Inc.*, 376 F.3d 1092, 1100-01 (11th Cir. 2004)). Rather, "[a] history of litigation entailing

'vexation, harassment and needless burden on the courts and their supporting personnel' is enough" for the entry of a limited injunction. *Id.* (quoting *Ray v. Lowder*, No. 02-CV-316-OC-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003)). And when entering such an injunction, courts have routinely "restrict[ed] a vexatious litigant from filing anything without prior approval from the Court." *Lustig*, 2020 WL 3469719, at *22. This particular sanction "has been previously imposed on vexatious litigants in this district." *Thomas*, 2022 WL 1100851, at *3 (citing *SEC v. Imperato*, No. 12-CV-80021-RNS, 2020 WL 5264515, at *1 (S.D. Fla. June 30, 2020); *Ruha v. City of Palm Beach Gardens*, No. 19-CV-80681, ECF No. [93] (S.D. Fla. July 1, 2020); *Aiken v. Crews, et al.*, No. 14-CV-62487, ECF No. [6] (S.D. Fla. Feb. 20, 2015)).

Despite having been warned that shotgun pleadings and pleadings that contravene Federal and Local Rules are subject to dismissal, Plaintiff has continued to file shotgun pleadings and baseless suits, including suits against the same defendants and based on the same conduct. Therefore, based on Plaintiff's extensive history of filing meritless suits in this District, if he continues to do so, restriction of his filing privileges will be warranted. As explained above, federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986).

Accordingly, in the event Plaintiff continues to file lawsuits based on the same conduct at issue in this action and based on shotgun pleadings, Plaintiff shall be added to the list of restricted filers in the Southern District of Florida. At this point, however, this Court is mindful of Plaintiff's concerns regarding the alleged infringement of his constitutional rights and his efforts to proceed with damages claims based on now closed criminal proceedings. While this Court agrees with the Magistrate Judge's finding that the Second Amended

Complaint is a shotgun pleading and was filed in contravention of numerous Federal and Local Rules, as well as this Court's prior orders, Plaintiff will be permitted one last chance to file an amended complaint to raise his damages claims.

**IV.CONCLUSION**

Thus, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report **[ECF No. 41]** is **AFFIRMED IN PART**.

2. Plaintiff's Amended Complaint **[ECF No. 38]** is **DISMISSED** ***without prejudice***.

3. Plaintiff's Motion to Reopen Case **[ECF No. 39]** is **GRANTED IN PART**.

4. Plaintiff is given leave to file an amended complaint in this case, consistent with the purpose of Fed. R. Civ. P. 8. *See Edwards v. Fernandez-Rundell*, 512 F. App'x 996, 997 (11th Cir. 2013) (discussing how *pro se* litigants "are held to a less stringent standard…with respect to a *pro se* litigant's right to amend."); *see also Brogan v. United States*, No. 24-CV-22436-RAR, 2024 WL 3462649, at *2 n.2 (S.D. Fla. June 26, 2024) ("[O]rdinarily this Court [ ] grant[s] a *pro se* litigant at least one opportunity to amend [the] complaint before dismissal.").

5. Should Plaintiff wish to file an amended complaint, he must do so in accordance with the following procedures:

a. The amended complaint must be docketed on or before **September 11, 2026**, and it must contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. Plaintiff is reminded that the amended complaint should, at the very least, cure the deficiencies identified in this Order and in Magistrate Judge Matthewman's Report [ECF No. 41].

b. The amended complaint must be labeled "Third Amended Complaint" and must show the case number referenced above so that it will be filed in this case.

c. Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's Orders shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

6. This case remains **ADMINISTRATIVELY CLOSED** pending further Order of this Court. Plaintiff is warned that failure to file his amended complaint on time and in compliance with this Order shall result in this case remaining closed. If Plaintiff files a Third Amended Complaint, the pleading will be subject to screening by this Court, and, therefore, Defendants are not required to file a response unless and until directed to do so by this Court.

7. All pending motions, if any, are **DENIED as moot**.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Order to Plaintiff, Brandon Waterman, at 11818 41st Ct N., West Palm Beach, Florida 33411.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 24th day of August, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**